1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARMANDO M. GARCIA, MARIA E. GARCIA,<br><br>          Plaintiffs,<br>     v.<br><br>AMERICAN HOME MORTGAGE SERVICING INC., T.D. SERVICES COMPANY, COMMON WEALTH LAND TITLE CO., OPTION ONE MORTGAGE CORP., AND DOES 1 THROUGH 100, INCLUSIVE,<br><br>          Defendants. | Case No.: 11-CV-03678-LHK<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |

19  On June 27, 2011, Plaintiffs Armando M. Garcia and Maria E. Garcia ("Plaintiffs") filed a
20  complaint in Santa Clara County Superior Court asserting eleven causes of action against
21  American Home Mortgage Servicing Inc. ("AHMSI"), T.D. Services Co. ("T.D. Services"),
22  Commonwealth Land Title Co. ("Commonwealth")[1], and Option One Mortgage Corp.
23  (individually "Option One"; collectively, "Defendants"), all arising out of the attempted
24  foreclosure of the property located at 1378 Piedmont Rd., San Jose, California (the "property").
25  *See* ECF No. 1 ("Compl."). Before the Court are several motions to dismiss. *See* ECF Nos. 5, 13
26  & 19. Pursuant to Civil Local Rule 7-1(b), the Court deems Defendants' motions suitable for

---

[1] Commonwealth appears to have been incorrectly identified as "Common Wealth Land Title Co." in the Plaintiffs' original complaint in state court. Compare ECF No. 1, with ECF No. 19.

1
Case No.: 11-CV-03678-LHK
ORDER GRANTING MOTIONS TO DISMISS

decision without oral argument. For the reasons set forth below, the Court GRANTS Defendants' Motions to Dismiss with leave to amend.

## I.  BACKGROUND

To the extent that factual allegations can be gleaned from the complaint, or from judicially noticed documents[2] provided by Defendants, those facts are summarized here. Plaintiffs are the owners currently in possession of the subject property. Compl. ¶ 1. On October 7, 2005, Plaintiffs obtained a loan from Option One in the principal amount of $592,000.00. *See* AHMSI RJN Ex. A. The note was secured by a deed of trust on the property, and was recorded in the Santa Clara County Recorder's Office. *Id.* The original trustee was Premier Trust Deed Services, Inc., and the original beneficiary was Option One. *Id.*

On July 24, 2008, AHMSI was substituted as Foreclosure Trustee. AHMSI RJN Ex. B. On the same day, T.D. Service Company, acting as an agent for AHMSI, issued a notice of default and election to sell under deed of trust, which indicated that the amount past due was $24,892.62. Commonwealth RJN Ex. 2.

On August 25, 2008, AHMSI, as successor-in-interest to Option One, assigned the beneficial interest in the Deed of Trust to Deutsche Bank National Trust Company as Trustee for HIS Asset Securitization Corporation 2006—OPT3 Mortgage Pass-Through Certificates, Series

---

[2] Defendant AHMSI submitted a request for judicial notice of several documents, including: the deed of trust on the subject property; a substitution of trustee recorded on September 3, 2008; a substitution of trustee recorded on April 12, 2011; a notice of default and election to sell under deed of trust recorded on March 10, 2011; and a notice of trustee's sale recorded on June 6, 2011. *See* Request for Judicial Notice ("AHMS RJN"), ECF Nos. 5 & 13. Additionally, Defendant Commonwealth has filed an additional request for judicial notice ("Commonwealth RJN") of several additional documents, including: the deed of trust on the subject property; a notice of default and election to sell dated July 24, 2008; a substitution of trustee dated July 24, 2008; an assignment of deed of trust dated August 25, 2008; an assignment of deed of trust dated November 18, 2008; a notice of trustee's sale dated December 12, 2008; a trustee's deed upon sale dated January 8, 2009; a notice of rescission of trustee's deed upon sale dated January 22, 2009; a notice of default and election to sell dated March 10, 2011; a substitution of trustee dated March 10, 2011; a notice of trustee's sale dated June 6, 2011. *See* ECF No. 20. Plaintiffs have not opposed Defendants' requests. In ruling on a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Each of the documents submitted by Defendant is a matter of public record "not subject to reasonable dispute [and] capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Accordingly, the Court GRANTS Defendants' requests for judicial notice.

2
Case No.: 11-CV-03678-LHK
ORDER GRANTING MOTIONS TO DISMISS

2006-OPT3 ("Deutsche"). Commonwealth RJN Ex. 4. For some reason, Option One independently also assigned the deed of trust to Deutsche on November 18, 2008. Commonwealth RJN Ex. 5. It is unclear why both AHMSI and Option One assigned the deed of trust to Deutsche.

On December 12, 2008, T.D. Service Company, acting as agent for AHMSI, issued a notice of trustee's sale. Commonwealth RJN Ex. 6. Apparently, the trustee's sale took place on January 8, 2009, and the property was sold to the foreclosing beneficiary, Deustsche. Commonwealth RJN Ex. 7. The deed of sale was rescinded shortly after the trustee's sale on January 2, 2009 because "[t]hrough inadvertence and oversight, the conducting of the trustee's sale was done in error due to lo [sic] loan modification being accepted." Commonwealth RJN Ex. 8.

On March 10, 2011, Power Default Services, Inc. C/O TD Service Company was substituted as trustee of the property. AHMSI RJN Ex. C. On the same day, TD Service Company issued a notice of default and election to sell under deed of trust, indicating the amount in arrears on the property was $23,344.60 as of March 17, 2011. AHMSI RJN Ex. D. On June 6, 2011, Power Default Services, Inc. C/O TD Service Company issued a notice of trustee's sale of the subject property. AHMSI RJN Ex. E. Based on the representations made by AHMSI and Commonwealth, it appears that the foreclosure sale is on hold at this time.

Plaintiffs filed their state court complaint on June 24, 2011, alleging claims for (1) fraudulent misrepresentation; (2) fraudulent inducement; (3) violation of the Fair Debt Collection Practices Act; (4) predatory lending practices in violation of HOEPA, TILA, and Cal. Bus. & Prof. Code § 17200; (5) breach of trust contract; (6) RICO violations; (7) quiet title; (8) declaratory relief; (9) injunctive relief; (10) cease and desist; and (11) illegal/wrongful foreclosure. On July 27, 2011, AHMSI removed the case to federal court. *See* ECF No. 1. On August 3, 2011, AHMSI filed a motion to dismiss. ECF No. 5. Instead of filing an opposition, it appears as though Plaintiffs filed an additional pleading titled "Amendment to Complaint and Addition against American Home Mortgage Servicing, Inc., Common Wealth Land Title Co, Option One Mortgage Corporation, T.D. Services Company," ("Amendment to Complaint and Addition") on August 15, 2011. *See* ECF No. 7. Shortly thereafter, AHMSI filed a motion to dismiss the "Amendment to Complaint and Addition." *See* ECF No. 13, August 23, 2011. On September 7, 2011,

3

Case No.: 11-CV-03678-LHK
ORDER GRANTING MOTIONS TO DISMISS

1   Commonwealth filed its own motion to dismiss the "Amendment to Complaint and Addition."

2   ECF No. 19. Plaintiffs filed an untimely opposition to Defendants' motions to dismiss on October

3   6, 2011, and again on November 23, 2011. ECF Nos. 24, 32. The oppositions appear to be similar,

4   although the November 23, 2011 opposition appears to contain a general summary of foreclosure

5   law.

6       At this time, only Defendants AHMSI and Commonwealth have appeared in this action and

7   engaged in litigation. It is unclear, based on the docket and pleadings, whether the other two

8   Defendants, Option One and T.D. Services, have been served with the Complaint.

## II.   LEGAL STANDARD AND DISCUSSION

### A.  Motion to Dismiss

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). If amendment would be futile, however, a dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

### 1.  Plaintiffs' Original Complaint and Amendment

4

Case No.: 11-CV-03678-LHK
ORDER GRANTING MOTIONS TO DISMISS

United States District Court
For the Northern District of California

Pursuant to Federal Rule of Civil Procedure 15, Plaintiffs were permitted to amend their pleading once as a matter of course within 21 days after service of a Rule 12 motion. Fed. R. Civ. P. 15(a)(1). Because Plaintiffs filed their "Amendment to Complaint and Addition" within the 21 day period after Defendant AHMSI filed its motion to dismiss, the Court may consider Plaintiffs' pleading.

The "Amendment to Complaint and Addition" presents additional general allegations which allege that Defendants engaged in "fraudulent activity." Plaintiffs also request a production of the original note, and a loan modification. In addition to their pleading, Plaintiffs appended a summary of the property tax information related to the subject property, and a summary of law related to foreclosure cases. In short, the filing adds little to the existing complaint. It is unclear whether Plaintiffs intended to supercede their original complaint, or whether they intended to supplement the original complaint by filing the "Amendment to Complaint and Addition." Where, as here, the Plaintiffs are pro se litigants, the Court will liberally construe pleadings in Plaintiffs' favor. *Moore v. United States*, 193 F.R.D. 647, 651 (N.D. Cal. 2000). Therefore, the Court construes the "Amendment to Complaint and Addition" as an attempt to supplement, as opposed to supercede, the original complaint.

2. Fraudulent Misrepresentation (First Cause of Action)

Claims sounding in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Under the federal rules, a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy this standard, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Thus, claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

Plaintiffs allege only that the defendants have misrepresented that they have the right to conduct a non-judicial foreclosure. Compl. ¶¶ 18 & 20. Plaintiffs' "Amendment to Complaint and

5
Case No.: 11-CV-03678-LHK
ORDER GRANTING MOTIONS TO DISMISS

1    Addition" adds no additional clarity to Plaintiffs' claims. Even construing the complaint and the

2    "Amendment to Complaint and Addition" liberally in favor of Plaintiffs, the first cause of action

3    for fraudulent misrepresentation fails to meet the heightened pleading standards of Rule 9(b).

4    Plaintiffs failed to state with any kind of particularity the content of the particular

5    misrepresentations, which Defendants made these fraudulent statements, and when the statements

6    were made. Indeed, it is not clear from the complaint how Plaintiffs relied on these

7    misrepresentations or how they were harmed.

     Moreover, it appears as though Plaintiffs' first claim (as well as several other causes of

8

9    action discussed below) is predicated on their argument that Defendants may not foreclose on the

10   subject property because Defendants are not the true holder of the promissory note. However, this

11   theory, sometimes referred to as the holder of the note theory, is contrary to California law.

     California does not require possession of the note as a precondition to non-judicial

12

13   foreclosure under a Deed of Trust. "Under Civil Code section 2924, no party needs to physically

14   possess the promissory note." *Sicairos v. NDEX West, LLC*, No. 08-CV-2014-LAB, 2009 WL

15   385855, at *3 (S.D. Cal. Feb. 13, 2009) (*citing* Cal. Civ. Code, § 2924(a)(1)). Rather, "[t]he

16   foreclosure process is commenced by the recording of a notice of default and election to sell by the

17   trustee." *Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (1994). An "allegation that the trustee did not

18   have the original note or had not received it is insufficient to render the foreclosure proceeding

19   invalid."[3] *Neal v. Juarez*, No. 06-cv-055J, 2007 WL 2140640, at *8 (S.D. Cal. 2007).

20   Accordingly, AHMSI and Commonwealths' motions to dismiss Plaintiffs' first cause of action for

21   fraudulent misrepresentation are GRANTED, with leave to amend.

22                           3. Fraudulent Inducement (Second Cause of Action)

23    Plaintiffs' second cause of action, for fraudulent inducement, alleges that all Defendants

24   fraudulently induced Plaintiffs into entering into the mortgage loan by "failing to verify [the

25

---

[3] Similarly, Plaintiffs include a claim for wrongful foreclosure on the caption page of their original complaint, but do not specifically include the claim within the body of the complaint. To the extent that Plaintiffs attempt to bring a wrongful foreclosure claim based on the allegation that none of the Defendants may foreclose on the property because none of them is the holder of the note, such a claim is also dismissed.

6
Case No.: 11-CV-03678-LHK
ORDER GRANTING MOTIONS TO DISMISS

Garcias'] ability to repay certain loans, but instead manufactured facts and figures and documents." Compl. ¶ 22. AHMSI argues that it is not the proper Defendant because it was not involved in the loan origination, Plaintiffs' claims are time barred, and that Plaintiffs have failed to plead with particularity this fraud based claim.

The Court agrees with AHMSI that Plaintiffs' fraudulent inducement claim fails to meet the pleading requirements as set forth in Rule 9(b). Specifically, Plaintiffs have failed to allege what misstatements were made on the loan documents, by which defendants and which agents acting on behalf of which defendants, and when these statements were made. Accordingly, like the fraudulent misrepresentation claim, Defendants' motions to dismiss Plaintiffs' second cause of action are GRANTED, with leave to amend.[4]

### 4. Fair Debt Collection Practices Act (Third Cause of Action)

Plaintiffs' third cause of action alleges violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788 *et seq.* These statutes proscribe certain conduct in connection with the collection of a debt. *See* 15 U.S.C. §§ 1692e, 1692f, 1692g; Cal. Civ. Code § 1788.10. AHMSI argues that Plaintiffs' claim under these statutes is insufficient for at least two reasons. First, it does not appear as though non-judicial foreclosure proceedings constitute "debt collection" under either the FDCPA or the Rosenthal Act. As to the FDCPA, courts within this Circuit have concluded that a non-judicial foreclosure does not constitute "debt collection" as defined by the statute. *See, e.g., Hulse v. Ocwen Federal Bank*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) (concluding that Plaintiff "may not maintain any FDCPA claims based on alleged actions made in pursuit of the actual foreclosure"); *Tang v. California Reconveyance Co.*, No. 10-CV-03333-LHK, 2010 WL 5387837, at *4 (N.D. Cal. Dec. 22, 2010) ("to the extent their FDCPA claims are based on the initiation of a foreclosure proceeding, Plaintiffs fail to state a claim"); *Deissner v. Mortgage Elec. Regis. Sys.*, 618 F. Supp. 2d 1184, 1189 (D. Ariz. 2009) ("the activity of foreclosing on [a] property pursuant to a deed of trust is not collection of a debt within

---

[4] The Court need not address AHMSI's alternative arguments here.

7

Case No.: 11-CV-03678-LHK
ORDER GRANTING MOTIONS TO DISMISS

the meaning of the FDCPA") (internal quotations omitted), *aff'd*, 384 F. App'x 609 (9th Cir. June 17, 2010); *Landayan v. Wash. Mutual Bank*, No. C 09-0916 RMW, 2009 WL 3047238, at * 3 (N.D. Cal. Sept. 18, 2009) ("A claim cannot arise under FDCPA based upon the lender enforcing its security interest under the subject deed of a trust because foreclosing on a mortgage does not constitute an attempt to collect a debt for purposes of the FDCPA"). Courts have likewise concluded that the Rosenthal Act does not cover the ordinary process of foreclosing on a mortgage. *See, e.g.*, *Reyes v. Wells Fargo Bank, N.A.*, No. C-10-01667 JCS, 2011 WL 30759, at *19 (N.D. Cal. Jan. 3, 2011) (concluding that Rosenthal Act does not apply to foreclosure proceedings unless the claim arises from activities "beyond the scope of the ordinary foreclosure process"); *Powell v. Residential Mortg. Capital*, No. C 09-04928 JF, 2010 WL 2133011, at *5-6 (N.D. Cal. May 24, 2010) (concluding that foreclosure pursuant to a deed of trust does not constitute debt collection for purposes of the Rosenthal Act).

Unless Plaintiffs allege that Defendants' actions arose out of attempts to collect a debt outside of the normal scope of foreclosure proceedings, Plaintiffs cannot state a claim under the FDCPA or the Rosenthal Act. Plaintiffs' allegations appear to relate only to the foreclosure of the subject property. Plaintiffs allege that "Defendants surprised them by allegedly foreclosing on the home during [sic] same time the process of a loan modification or settlement with Plaintiffs . . . was taking place." Compl. ¶ 28. Accordingly, Plaintiffs have not stated a claim for violations of the FDCPA and the Rosenthal Act.

Moreover, AHMSI argues, and the Court agrees, that even if the FDCPA and Rosenthal Act applied to Plaintiffs' claims, Plaintiffs have not alleged sufficient facts to meet the basic pleading requirements of Rule 8(a). Plaintiffs' Complaint alleges that "Defendants, and each of them by their association with one another, have failed to comply with the California Rosenthal Act, that being the same as the Federal Fair Debt Collection Practices Act § 1692, requiring verification of their claim and the production of the name and address of the original party who funded the loan (which is not the original lender named on the Dead of Trust), and/or investor, within the legal time of 30 days after receiving the written notice of dispute from the borrower." Compl. ¶ 28. Plaintiffs do not indicate which of the violations they believe each defendant committed, nor do they set

8
Case No.: 11-CV-03678-LHK
ORDER GRANTING MOTIONS TO DISMISS

1   forth any factual basis for their claim. Without more, Plaintiffs have not given fair notice to

2   Defendants of the claims against them and cannot state a plausible claim for relief. For these

3   reasons, Defendants' motion to dismiss Plaintiffs' third cause of action for violation of the FDCPA

4   and the Rosenthal Act is GRANTED with leave to amend. If Plaintiffs choose to proceed with

5   their FDCPA and Rosenthal Act claim, they must allege facts sufficient to establish that one or

6   more defendants made attempts to collect a debt outside of the scope of a foreclosure proceeding.

### 5. Predatory Lending Practices (Fourth Cause of Action)

Plaintiffs' fourth cause of action alleges violations of the Home Ownership and Equity Protection Act, 15 U.S.C. § 1637 ("HOEPA"); the Truth in Lending Act, 15 U.S.C. § 1601 ("TILA"); Regulation Z, 12 C.F.R. § 226; and California's Business and Professions Code § 17200 arising from Defendants' conduct during loan origination. Specifically, Plaintiffs allege that Defendants failed to verify or validate their ability to pay, and lowered their underwriting standards at loan origination in order to issue a mortgage that was ultimately "financially unbearable and burdensome" for Plaintiffs. Compl. ¶¶ 31-32.

Plaintiffs' fourth cause of action for predatory lending claims under TILA and HOEPA are subject to a three-year statute of limitations for claims for rescission and a one-year statute of limitations for claims for damages. *See* 15 U.S.C. §§ 1635(f), 1640(e). Alleged violations of Regulation Z, 12 C.F.R. § 226, are subject to the same one-year limitation period as TILA claims for damages under 15 U.S.C. § 1640(e). *See Chourp v. Ocwen Loan Servicing, LLC,* No. 11cv0159–IEG, 2011 WL 1559796, at *3 (N.D.Cal. Apr.22, 2011). Here, the factual allegations supporting Plaintiffs' fourth cause of action are based upon the October 7, 2005 origination of the loan. *See* Compl. ¶¶ 31-32. Plaintiffs did not file the state court complaint in this action until June 2011 – almost 6 years after the loan was originated. As such, Plaintiffs' fourth cause of action for predatory lending is time-barred to the extent it relies on TILA, HOEPA, and Regulation Z.

Plaintiffs' fourth claim also alleges a violation of California Business and Professions Code section 17200 for predatory lending practices. Claims under section 17200 are subject to a four-year statute of limitations. Cal. Bus. & Prof. Code § 17208. Here, the factual allegations under section 17200 are also based upon the October 7, 2005 origination of the loan. As such, Plaintiffs'

9

Case No.: 11-CV-03678-LHK
ORDER GRANTING MOTIONS TO DISMISS

fourth cause of action for predatory lending is time-barred to the extent it relies on Cal. Bus. & Prof. Code § 17200.

Although not raised by Plaintiffs or AHMSI, Plaintiffs may at least theoretically be entitled to equitable tolling on their damages claims. *See King v. California*, 784 F.2d 910, 913 (9th Cir. 1986) ("The doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action."); *Khan v. World Savings Bank*, No. 10-CV-04305, 2011 WL 133030 (N.D. Cal. Jan. 14, 2011) ("Plaintiff did not initiate this action until August 18, 2010, over four and-a-half years after accrual, and does not allege facts suggesting that equitable tolling or some form of delayed accrual should apply, her UCL claim is time-barred"); *see also Beach v. Ocwen Federal Bank*, 523 U.S. 410, 412 (1998) (explaining that section 1635(f), which applies to the rescission claims under TILA and HOEPA, is a statute of repose, not subject to equitable tolling). "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *See Santa Maria v. Pac. Bell,* 202 F.3d 1170, 1178 (9th Cir. 2000). Plaintiffs have failed to plead facts that would support a finding that it acted with due diligence in uncovering the claim. Accordingly, AHMSI's motion to dismiss Plaintiffs' fourth claim is GRANTED, with leave to amend.

### 6. Breach of Contract/Trust/Fiduciary Duty (Fifth Cause of Action)

In their fifth cause of action, Plaintiffs allege that all defendants "breached the trust contract and/or their fiduciary duty" by refusing Plaintiffs "the right to view the original promissory note." Compl. ¶ 35. Plaintiffs' claim, however, fails regardless of whether it is construed as a breach of contract claim or a breach of fiduciary duty claim.

These allegations do not state a claim for breach of contract under California law. In California, "[a] cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Moldonado*, 158 Cal. App. 4th 1226, 1239 (2008). Plaintiffs' breach of contract claim fails for several reasons. First, it is unclear to what contract Plaintiffs are referring. Assuming that Plaintiffs are referring to

10
Case No.: 11-CV-03678-LHK
ORDER GRANTING MOTIONS TO DISMISS

the Deed of Trust, *see* AHMSI RJN Ex. A, Plaintiffs point to no provision of the Deed of Trust with which AHMSI, or any other Defendant, has failed to comply. On that basis, Plaintiffs have failed to state a breach of contract claim against AHMSI, or any other Defendant, based on the written Deed of Trust that "is plausible on its face." *Iqbal*, 129 S.Ct. at 1949.

     Nor do these allegations state a claim for breach of fiduciary duty. Absent special circumstances, a loan transaction, like all ordinary banking transactions, does not establish a fiduciary relationship between the borrower and lender. *Oaks Mgmt. Corp. v. Superior Court*, 145 Cal. App. 4th 453, 466 (2006); *see also Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 476 (1989) ("A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such. The same principle should apply with even greater clarity to the relationship between a bank and its loan customers."). Moreover, the scope and nature of the trustee's duties in a nonjudicial foreclosure proceeding are exclusively defined by the deed of trust and the governing statutes. Therefore, the trustee to a deed of trust owes no fiduciary duty to the trustor. *See I.E. Associates v. Safeco Title Ins. Co.*, 39 Cal. 3d 281, 287-288 (1985); *Residential Capital v. Cal-Western Reconveyance Corp.*, 108 Cal. App. 4th 807, 827 (2003); *see also Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 335 (2008) (trustee in a nonjudicial foreclosure proceeding is not a true trustee with fiduciary duties, but rather a common agent for the trustor and beneficiary). Nor do Plaintiffs allege any facts that would support the inference that any of the Defendants assumed a fiduciary duty to them. Accordingly, AHMSI's motion to dismiss Plaintiffs' fifth claim for breach of contract/breach of fiduciary duty is GRANTED, with leave to amend.

### 7. RICO (Sixth Cause of Action)

     In their sixth cause of action, Plaintiffs allege that all Defendants violated the federal RICO statute by engaging in a "pattern and practice to obtain title of property without compliance and in violation of common and statutory law." Compl. ¶ 39. Presumably, Plaintiffs intend to reference sections 1962(c) and (d) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Without distinguishing between Defendants, Plaintiffs allege that Defendants through "their association with one another, used the United States mail in perpetrating the felonious conduct as set forth above, and each of them conspired and infiltrated legitimate business institutions for the

11
Case No.: 11-CV-03678-LHK
ORDER GRANTING MOTIONS TO DISMISS

1  purpose of perpetrating felony conduct on the public in more than one incident." Compl. ¶ 37.

2  The RICO statute makes it illegal for "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of [an] enterprise's affairs through a pattern of racketeering activity" or to conspire to do so. 18 U.S.C. §§ 1692(c), (d). To state a claim for a violation of this section, a plaintiff must plead: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.,* 431 F.3d 353, 361 (9th Cir. 2005).

First, the Court agrees with AHMSI that Plaintiffs have failed to sufficiently allege the existence of a RICO enterprise. "An enterprise is a 'group of persons associated together for a common purpose of engaging in a course of conduct,' and is proved by evidence of 'an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit.'" *Vertkin v. Wells Fargo Home Mortg.,* No. C10–0775 RS, 2011 WL 175518, at *4 (N.D. Cal. Jan. 18, 2011) (quoting *United States v. Turkette,* 452 U.S. 576, 583 (1981)). The enterprise element requires the organization, formal or informal, to be an entity separate and apart from the pattern of racketeering activity in which it engages. *Chang v. Chen,* 80 F.3d 1293, 1298 (9th Cir. 1996). "A RICO plaintiff must allege a structure for the making of decisions separate and apart from the alleged racketeering activities, because the existence of an enterprise at all times remains a separate element which must be proved." *Wagh v. Metris Direct, Inc.,* 348 F.3d 1102, 1112 (9th Cir. 2003). Plaintiffs have merely alleged that Defendants acted in association with each other. Plaintiffs have not alleged the existence of a RICO enterprise that is plausible on its face.

Additionally, the Court also agrees with AHMSI that Plaintiffs have failed to allege a pattern of racketeering activity. Racketeering activity is defined by the acts listed in 18 U.S.C. § 1961(1). Plaintiffs allege that Defendants "used the United States mail in perpetrating of felonious conduct." Compl. ¶ 37. Mail fraud may be a predicate act for a RICO violation as defined by section 1961(1).

As with other causes of action involving fraud, the Ninth Circuit applies Rule 9(b) pleading

12
Case No.: 11-CV-03678-LHK
ORDER GRANTING MOTIONS TO DISMISS

1    standards to RICO claims. *Moore v. Kayport Package Exp., Inc.,* 885 F.2d 531, 541 (9th Cir.

2    1989) (citation omitted). "Rule 9(b) requires that the pleader state the time, place, and specific

3    content of the false representations as well as the identities of the parties to the misrepresentation."

4    *Id.* As with Plaintiffs' other fraud based claims described above, Plaintiffs have utterly failed to

5    meet the pleading requirements of Rule 9(b). Plaintiffs allege neither the specific content of any

6    false representations nor the time, place, or parties involved. Plaintiffs' general allegation of mail

7    fraud is insufficient to claim a pattern of racketeering activity. Accordingly, AHMSI's motion to

8    dismiss[5] Plaintiffs' sixth cause of action is GRANTED, with leave to amend.

### 8. Quiet Title (Seventh Cause of Action)

In their seventh cause of action to quiet title, Plaintiffs seek a declaration that the title to the subject property is vested in Plaintiffs alone. Compl. ¶ 44.

Under California law, a quiet title action must include: (1) a description of the property in question; (2) the basis for Plaintiffs' title; and (3) the adverse claims to Plaintiffs' title. Cal. Code Civ. Proc. § 761.020. A borrower may not quiet title without first paying the outstanding debt on the property. *See Miller v. Provost*, 26 Cal. App. 4th 1703, 1707 (1994) ("a mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee"); *Kelley v. Mortgage Electronic Registration Systems, Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009) (dismissing quiet title claim because plaintiffs did not allege that they had satisfied their obligations under the Deed of Trust). Plaintiffs have not alleged that they have satisfied their obligations under the Deed of Trust and are the rightful owner of the property.

Moreover, to the extent that Plaintiffs allege that they have a right to title based on the claim that none of the Defendants is the holder of the original promissory note, such an argument does not comport with California law, as explained above. Accordingly, Plaintiffs have not stated a claim to quiet title, and Defendant's motion to dismiss is GRANTED with leave to amend.

### 9. Declaratory Relief (Eighth Cause of Action)

---

[5] The Court need not reach AHMSI's alternative argument that Plaintiffs have not established racketeering injury.

13

Case No.: 11-CV-03678-LHK
ORDER GRANTING MOTIONS TO DISMISS

1    Plaintiffs' eighth cause of action seeks declaratory relief. This claim parallels the other

2    claims alleged. Compl. ¶¶ 45-49. Aside from the claims raised in Plaintiffs' other causes of

3    action, which the Court has dismissed, Plaintiff has not identified a specific, actual controversy

4    warranting declaratory relief. *See* Cal. Code. Civ. Pro. § 1060 (requiring actual controversy for

5    declaratory relief); 28 U.S.C. § 2201 (same). Accordingly, AHMSI's motion to dismiss Plaintiffs'

6    eighth cause of action is DISMISSED with leave to amend.

### 10. Injunctive Relief (Ninth Cause of Action)

Injunctive relief is a remedy, not a cause of action. *See Marlin v. AIMCO Venezia, LLC,* 154 Cal. App. 4th 154, 162 (2007). As such, the cause of action must be dismissed. Furthermore, this claim depends upon the prior claims. Compl. ¶¶ 50–51. Each of those claims is defective. Accordingly, Plaintiffs' ninth claim is DISMISSED with prejudice.

### 11. Cease and Desist (Tenth Cause of Action)

Plaintiffs' tenth cause of action does not appear to be a cause of action under California law. Accordingly, Plaintiffs' tenth claim is DISMISSED with prejudice.

### 12. RESPA

Although Plaintiffs do not specifically include a claim for violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.*, in the section of the complaint entitled, "Causes of Action," the Court addresses it because Plaintiffs mention the statute several times in the "General Allegations" section of their complaint. Plaintiffs appear to allege that Defendants have failed to comply with the qualified written request provision of RESPA. *See* Compl. ¶¶ 7, 10.

Plaintiffs, however, have failed to allege any facts whatsoever to support their bare allegation that Defendants have "refused to comply with Plaintiffs['] . . . qualified written request under the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2605(e) (RESPA)." Compl. ¶ 7. Even under the pleading standards of Rule 8, Plaintiffs have failed to state a claim for a violation of RESPA. Accordingly, to the extent Plaintiffs attempt to state a claim for violation of RESPA, the claim is DISMISSED with leave to amend.

## III. CONCLUSION

14

Case No.: 11-CV-03678-LHK
ORDER GRANTING MOTIONS TO DISMISS

Defendant AHMSI's motion to dismiss the original complaint, as well as both Defendant Commonwealth and Defendant AHMSI's motions to dismiss the "Amendment to Complaint and Addition" are GRANTED, with leave to amend as to all claims except Plaintiffs' claims for "cease and desist," and injunctive relief, which are DISMISSED with prejudice. Moreover, although only AHMSI and Commonwealth have filed motions to dismiss, the reasons that the Complaint is defective apply to all Defendants. Accordingly, the claims described above are dismissed as to all Defendants.

**If Plaintiffs wish to pursue this action, they must file a First Amended Complaint within 21 days of this order.** If Plaintiffs choose to file an amended complaint, they must allege which acts were committed by which Defendants, and which claims apply to which Defendants. Plaintiffs may not add new claims or parties without seeking the opposing parties' consent or leave of the Court pursuant to Federal Rule of Civil Procedure 15. If Plaintiffs fail to file a First Amended Complaint within 21 days, the Court will dismiss Plaintiffs' case with prejudice.

**IT IS SO ORDERED.**

Dated: December 9, 2011

_Lucy H. Koh_
LUCY H. KOH
United States District Judge